FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2019 JAN 11 AM 11:42
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BAKER & MURAKAMI PRODUCE )
COMPANY LLLP, an Idaho limited )
liability limited partnership, )
and J.F. PALMER AND SONS )
PRODUCE, INC., a Texas )
corporation, )
)
Plaintiffs, )
)
v. ) CASE NO. CV418-0252
)
WENG FARMS INC., a Texas )
corporation; LIYA WENG, an )
individual also known as Lea )
Weng; WILLIAM R. FOSTER, )
individual; and HILLCREST FARM, )
a business entity; )
)
Defendants. )
)

## O R D E R

Before the Court is Plaintiffs' Motion for Preliminary Injunction. (Doc. 5.) In their motion, "Plaintiffs seek to enjoin Weng Farms, its agents, employees, successors, banking institutions, attorneys, and all other persons . . . from using, consuming or otherwise dissipating trust assets" under the Perishable Agricultural Commodities Act of 1930 ("PACA"). (Doc. 5, Attach. 1 at 2.) On January 7, 2019, the Court held a

hearing to consider the merits of Plaintiffs' request. (Doc 23.) At the hearing, only Plaintiffs' counsel was present.[1]

To be eligible for preliminary injunctive relief under Rule 65 of the Federal Rules of Civil Procedure, a movant must establish each of the following elements:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003). After careful review of the record in this case, the Court concludes Plaintiffs' request has properly satisfied each of these requirements. Specifically, the Court concludes that Plaintiffs will likely suffer immediate and irreparable injury due to the alleged dissipation of assets in the statutory trust created under PACA. Based on Plaintiffs' counsel's representations that Defendant Weng Farms may be filing for bankruptcy and that Defendant Foster is dissipating assets that should be included in the PACA trust, the Court

---

[1] Defendants have not yet appeared in this action. The Court has provided ample time for Defendants to appear in this action and has directed Plaintiffs to serve Defendants with various notices of this action and the scheduled hearing. Due to Defendants' continual failure to appear, the Court eventually scheduled a hearing to address the preliminary injunction. Defendants were served with notice of the hearing, but still failed to make any attempt to appear at the hearing.

finds that Plaintiffs' injury may be irreparable without injunctive relief. Accordingly, Plaintiffs' Motion for Preliminary Injunction is **GRANTED**. The Preliminary Injunction is **ENTERED** as follows:

1. Defendant Weng Farms Inc., its officers, agents, servants, employees, attorneys, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with Weng Farms Inc. (including Defendants, Liya Weng and William R. Foster, individually and doing business as Hillcrest Farms) are enjoined and restrained from dissipating, paying, transferring, encumbering, assigning or selling any and all assets covered by or subject to the PACA trust provisions except for full payment to Plaintiffs, Plaintiffs' agreement, or until further order of this Court. If Defendants submit such payment, Plaintiffs shall immediately notify the Court of said payment, at which time the Court will dissolve this Order.

2. Under PACA, 7 U.S.C. §499e(c)(2), the assets subject to this Order include all of Weng Farms, Inc.'s assets, unless it or a third party can prove to this Court that a particular asset is not derived from perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities

or receivables or proceeds from the sale of such commodities or products. Provided, however, Weng Farms Inc. may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, on the condition that Weng Farms Inc. accounts for and maintains the proceeds of any sale subject to this Order.

3. Until further order of this Court, Weng Farms, Inc. shall have an affirmative obligation to maintain all documents related to all sales of produce and all payments received. Any proceeds of receivables shall be held in trust pending further order of this Court.

4. This Order is binding upon the parties to this action, banking and financial institutions, and all other persons or entities receiving actual notice of this Order by personal service, including facsimile transmission or federal express.

5. The $302,078.25 in PACA Trust Assets belonging to Plaintiffs and in Weng Farms' possession will serve as Plaintiffs' security for this injunction as required by FRCP 65(c).

6. Plaintiffs shall serve Defendants, or their registered agent, or their counsel, with a copy of this Order by

personal service, including by facsimile transmission or federal express. This Court finds that this service is good and sufficient.

7. Upon receipt of this Order, Defendants shall serve a copy of this Order on all banking and financial institutions with which Weng Farms, Inc. conducts business, or any person or entity, including all banking or financial institutions, who may be holding assets for or on its behalf.

8. Within fifteen days of service of this Order, Weng Farms, Inc. shall provide a detailed listing of the following to Plaintiff's attorneys: (1) all outstanding accounts receivable; (2) accounts payable; (3) all other assets in the name of Weng Farms, Inc.; (4) all lawsuits currently pending or filed against Weng Farms, Inc.; (5) Weng Farm, Inc.'s cash, checks, deposits or other monies in its possession or control; and (6) all financial institutions where Weng Farms, Inc. has had an account within the past one year.

SO ORDERED this 11th day of January 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA