IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BAKER & MURAKAMI PRODUCE )
COMPANY LLLP, an Idaho limited )
liability limited partnership; )
and J.F. PALMER AND SONS )
PRODUCE, INC., a Texas )
corporation; )
 )
    Plaintiffs, )
 )
v. ) CASE NO. CV418-0252
 )
WENG FARMS INC., a Texas )
corporation; LIYA WENG, an )
individual also known as Lea )
Weng; WILLIAM R. FOSTER, )
individual; and HILLCREST FARM, )
a business entity; )
 )
    Defendants. )
 )

## O R D E R

Before the Court is Defendant Liya Weng's Motion to Set Aside Default. (Doc. 33.) For the following reasons, the Court finds that Defendant Weng has failed to show good cause, as required by Federal Rule of Civil Procedure 55(c), to set aside the default. Accordingly, Defendant's motion is **DENIED**.

### BACKGROUND

This case arises under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499 ("PACA"). In 1984, Congress amended PACA "to establish a nonsegregated statutory

trust under which a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller." Frio Inc. S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990). As a result, a trust beneficiary may now bring an action in federal court "to enforce payment from the trust." 7 U.S.C. § 499e(c)(5).

In this case, Plaintiffs contend that they shipped produce to Defendant Weng Farms and have not yet received payment for that shipment valued at $302,078.25. (Doc. 1 at 3.) According to Plaintiffs, Defendant Weng Farms has never disputed that it owes money for the shipment. (Doc. 5, Attach. 1 at 4-5.) Rather, Plaintiffs contend that Defendant Weng Farms has provided other excuses for its failure to pay for the shipment—lack of payment from their own customers, internal issues, etc. (Id.) Plaintiffs requested a preliminary injunction to prevent Defendants from dissipating assets in the PACA trust until Plaintiffs received full payment for their shipment. (Doc. 5.) On January 11, 2019, this Court entered a preliminary injunction enjoining Defendant Weng Farms from dissipating any PACA trust assets. (Doc. 24.)

In the meantime, Plaintiffs were actively trying to serve Defendant Liya Weng. (Doc. 12; Doc. 15.) On February 1, 2019, Plaintiffs filed an affidavit of service purporting to properly serve Defendant Liya Weng. (Doc. 28.) Based on the date of service, Defendant Weng was required to file a responsive

pleading in this case by February 20, 2019. (Id.) Defendant Weng failed to comply with the filing deadline and on February 27, 2019, Plaintiffs filed a Motion For Clerk's Entry of Default against Defendant Liya Weng. (Doc. 31.) Because Defendant Weng had failed to file a responsive pleading, the Clerk entered default as requested. (Doc. 32.) On March 13, 2019, Defendant Weng filed a Motion to Set Aside Default. (Doc. 33.) This motion is now ripe for review.

**ANALYSIS**

I. STANDARD OF REVIEW

Under Rule 55(c), the Court may set aside a default for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is within the discretion of the court. Robinson v. United States, 734 F.2d 735, 739 (11th Cir. 1984). However, although good cause "is not susceptible to a precise formula, [] some general guidelines are commonly applied." Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." Ritts v. Dealers Alliance Credit Corp., 989 F. Supp. 1475, 1490 (N.D. Ga. 1997). Courts have also considered "whether

3

the defaulting party acted promptly to correct the default." Compania Interamericana, 88 F.3d at 951. Further, "[u]nderlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." Ritts, 989 F. Supp. at 1480. "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Compania Interamericana, 88 F.3d at 951-952.

II. DISCUSSION

In her motion, Defendant Weng requests that this Court find good cause to set aside the default in this case. (Doc. 33.) Defendant contends that this Court should set aside the default because her failure to appear in this action was initially the result of her belief that she was improperly served and the failure of her attorney to locate local counsel. (Id. at 3-5.) After a careful review of Defendant's motion and the parties' respective arguments, the Court finds that Defendant Weng has failed to establish good cause to warrant setting aside default in this case.

First, the Court finds that Defendant Weng's failure to respond to this suit was willful. A defendant acts willfully by "displaying either an intentional or reckless disregard for the

4

judicial proceedings." Compania Interamericana, 88 F.3d at 951-52. In this case, Defendant Weng likely knew about the existence of this case for several months before she was required to file a responsive pleading (See Doc. 36, Attach. 1 at 1-8), knew that Defendants were attempting to serve her (Id.), and still failed to file a timely responsive pleading after knowledge that she had an obligation to respond by February 20, 2019 (Doc. 33 at 2-3).

Even if this Court were to ignore Defendant Weng's attempts at avoiding service, Defendant knew by at least February 17, 2019 that she was obligated to provide a responsive pleading in this case. (Id. at 2.) As an excuse for her failure to comply with the filing deadline, Defendant Weng weakly argues that her counsel was unable to obtain local counsel to properly file a timely response. (Id. at 3.) On its face, Defendant Weng's excuse fails to convince this Court that Defendant made any reasonable effort to file a responsive pleading in this case. It is not difficult to obtain local counsel and Defendant had ample time from the time that she had actual notice of service until the response deadline to file a response or request for an extension. A failure to obtain local counsel in that time frame, given that Defendant likely had notice of the case for months, is no excuse.

Additionally, the Court is unconvinced by Defendant's excuse for failing to properly file a responsive pleading in this case in light of the fact that it took Defendant 14 days after default was entered in this case to request that the Court set aside default. (<u>See</u> Doc. 32; Doc. 33.) From the time that Defendant claims she had notice of service, February 17, 2019, to the time that Defendant filed any response in this case, March 13, 2019, is inexcusable and evidence of willful conduct. In this Court's view, Defendant Weng has willfully disregarded this Court's deadlines.

In addition, this Court finds that Defendant Weng has failed to offer any convincing argument that she has a meritorious defense to the underlying claims in this case. In her initial filing, Defendant Weng argues that she has two likely defenses to this action. First, Defendant Weng purports that there are "serious questions" as to whether this Court could assert personal jurisdiction over her. (Doc. 33.) Defendant Weng asserts that her only contacts with the state of Georgia arise in her official capacity as an officer of Defendant Weng Farms and that those contacts are insufficient to assert personal jurisdiction over her in her individual capacity. (Doc. 42 at 5-6.) After careful review, however, Defendant's argument fails. In Georgia, "an individual who is a 'primary participant' in the underlying facts of a lawsuit may

6

be subject to personal jurisdiction in th[e] state under the 'transacting business' provision of Georgia's long-arm statute, even if all of his contacts with the state were made solely in his 'corporate capacity.' " Techjet Innovations Corp. v. Benjelloun, 203 F. Supp. 3d 1219, 1224-25 (N.D. Ga. 2016) (quoting Amerireach.com, LLC v. Walker, 290 Ga. 261, 166, 719 S.E.2d 489, 494 (2011)). In her role as an officer of Defendant Weng Farms, Defendant Weng has availed herself to the jurisdiction of this Court by conducting business in the state.

Next, Defendant Weng argues that she was improperly served in this action. (Doc. 33 at 6.) In her response briefing, however, Defendant Weng contends that based on "new information provided in Plaintiff's(sic.) Opposition" it appears that Defendant Weng was properly served under New York law. (Doc. 42 at 1, n.1.) Accordingly, Defendant Weng has effectively abandoned any defense that she was improperly served.

Conveniently, Defendant Weng also raises a third defense in her reply briefing. Here, Defendant Weng purports that she has a valid defense to the underlying facts of this case because she was a victim of fraud perpetuated by Defendant Foster. (Doc. 42 at 6-8.) Defendant contends that she did not violate any fiduciary duties under PACA because she had no control over the assets at issue in this case nor did she have any knowledge that Defendant Foster was acting outside of the scope of his

7

authority to contract with Plaintiffs in this case. (Id. at 7-8.)

Despite her contentions, the Court remains unconvinced. In her own declaration, Defendant Weng purports that Defendant Foster initially engaged in business in Savannah, Georgia without her consent but that she, after discovering the operation, registered Weng Farms as a foreign corporation in Georgia. (Doc. 42, Attach. 4 at 1.) Further, Defendant Weng admits that she had knowledge of the shipment of onions from China to Savannah, Georgia and ensured that the shipment was in compliance with customs requirements. (Id.) In light of these admissions, Defendant Weng cannot now argue that she did not know that the Weng Farms name was being used without her consent to transact business or that she was the victim of a fraud perpetrated by Defendant Foster. A defaulting party bears the burden to present a meritorious defense and the Court finds that Defendant Weng has failed to meet this burden in this case.

Finally, the Court finds that Defendant Weng's conduct has prejudiced Plaintiffs in this suit. Plaintiffs have expended great cost in trying to serve Defendant Weng and seeking default in this case. (Doc. 36 at 11-12.) Additionally, Plaintiffs were forced to expend additional resources to prepare a motion to seek an entry of default judgment. (Id.) In total, Plaintiffs contend that they have incurred $545.54 in costs to serve

Defendant Weng and "$9,105.50 in attorneys' fees in attempts to locate and serve Ms. Weng, preparing their Motion for Default, their Motion for Default Judgment during the 14-day period between the Clerk's Default and Ms. Weng's Motion, as well as this opposition." (Id. at 12.)

The harm to Plaintiffs could have been minimized had Defendant Weng promptly filed a motion to set aside default in this case. If Defendant Weng had promptly filed her motion, Plaintiffs would not have incurred any additional expense in preparing a motion to seek an entry of default judgment. Defendant Weng, however, waited 14 days to file any response to the clerk's entry of default. (Doc. 33.) As a result, Plaintiffs incurred additional costs by preparing an unnecessary motion.

In total, the Court finds that Defendant Weng acted willfully by failing to file any responsive pleading in this case. Not only is Defendant Weng's excuse that her attorney was unable to find local counsel unavailing, Defendant's failure to promptly correct any harm caused by her lack of response will not be tolerated by this Court. Defendant Weng has failed to present any meritorious argument to warrant a finding that there is good cause to set aside default in this case.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Weng has failed to show good cause, as required by Federal Rule

of Civil Procedure 55(c), to set aside the default. Accordingly, Defendant's Motion to Set Aside Default is **DENIED**.

SO ORDERED this 16th day of July 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA