IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BAKER & MURAKAMI PRODUCE )
COMPANY LLLP, an Idaho limited )
liability limited partnership; )
and J.F. PALMER AND SONS )
PRODUCE, INC., a Texas )
corporation; )
 )
 Plaintiffs, )
 )
v. ) CASE NO. CV418-0252
 )
WENG FARMS INC., a Texas )
corporation; LIYA WENG, an )
individual also known as Lea )
Weng; WILLIAM R. FOSTER, )
individual; and HILLCREST )
FARM, a business entity; )
 )
 Defendants. )
 )

# O R D E R

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Liya Weng and Defendant William R. Foster. (Doc. 44.) In this motion, Plaintiffs request that this Court enter default judgment against Defendants Weng and Foster, jointly and severally in their individual capacities, for breach of their fiduciary duties owed to Plaintiffs. (Doc. 44.) For the following reasons, the Court finds that Plaintiffs are entitled to entry of a default judgment against Defendants Weng and Foster, but are not

entitled to the total damages sought. Accordingly, Plaintiffs' motion (Doc. 44) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

This case arises under the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499 ("PACA"). In 1984, Congress amended PACA "to establish a nonsegregated statutory trust under which a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller." Frio Inc. S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir. 1990). As a result, a trust beneficiary may now bring an action in federal court "to enforce payment from the trust." 7 U.S.C. § 499e(c)(5).

In this case, Plaintiffs contend that they sold produce to Defendant Weng Farms, Inc. ("Weng Farms") and have not yet received payment for those sales in the total amount of $302,078.25. (Doc. 1 at 3.) Specifically, Plaintiffs contend that from January 6, 2018 to February 20, 2018, Plaintiff Baker & Murakami Produce Company LLLP ("Baker") made thirteen shipments to Defendant Weng Farms for a total principal amount of $84,897.75, and from March 7, 2018 to May 8, 2018, Plaintiff J. F. Palmer and Sons Produce, Inc. ("Palmer & Sons") made twenty-four shipments to Defendant Weng Farms for a total principal amount of $217,180.50. (Doc. 1 at 3). According to Plaintiffs, Defendant Weng Farms has never disputed that it owes money for the shipment. (Doc. 5, Attach. 1 at 4-5.) Rather, Plaintiffs contend that Defendant Weng Farms has

2

provided other excuses for its failure to pay for the shipment—lack of payment from their own customers, internal issues, etc. (Id.)

Both Plaintiff Baker and Plaintiff Palmer & Sons sent Defendant Weng Farms invoices for each sale. (Doc. 1 at 3; Doc. 1, Attach. 3, 4.) Along with the price and quantity of goods, the language included on each one of Plaintiff Baker's invoices states:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received. Interest at 1.5% per month added to unpaid balance. Interest and attorney fees necessary to collect any balance due herunder [sic] shall be considered sums owing in connection with this transaction under PACA trust.

(Doc. 44, Attach. 1 at 8-20.) Similarly, the language included on Plaintiff Palmer & Sons' invoices states:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by Section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499E(c) [sic.]). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, an any receivables or proceeds from these commodities until full payment is received. Eighteen (18%) interest per annum will be added to unpaid balance. In the event of default in payment, Seller may recover from Buyer interest, actual attorney's fees and other costs associated with collection. These fees and costs are sums owing in connection with this transaction and will be added to any judgment obtained pursuant to the PACA

or otherwise. UNLESS SELLER IS NOTIFIED OF ANY DISCREPANCIES WITHIN TWENTY-FOUR (24) HOURS OF RECEIPT OF INVOICE, THIS INVOICE MUST BE PAID IN FULL. PAYMENT MUST BE RECEIVED NO LATER THAN 21 DAYS AFTER RECEIPT OF MERCHANDISE.

(Doc. 44, Attach. 2 at 7-31.) According to Plaintiffs, Defendant Weng Farms received the invoices and accepted the produce identified in the invoices. (Doc. 1 at 3.) Defendant Weng Farms has "failed to pay for the produce sold to it by Plaintiffs, despite [Plaintiffs'] repeated demands for payment." (Doc. 1 at 3.)

Although Plaintiffs sold the produce to Defendant Weng Farms, Plaintiffs only request default judgment against Defendants Weng and Foster in their individual capacities. (Doc. 44.) Plaintiffs contend that Defendants Weng and Foster are "officers, directors, investors, shareholders, principals, or employees of Weng Farms." (Doc. 1 at 8.) Specifically, Plaintiffs present evidence that Defendant Weng is the owner and Chief Executive Officer ("CEO") of Defendant Weng Farms (Doc. 44, Attach. 3 at 9; Doc. 33, Attach. 2 at 1) and Defendant Foster is an investor and agent of Defendant Weng Farms (Doc. 44, Attach 3 at 111).

On November 1, 2018, Plaintiffs filed their complaint against Defendant Weng Farms, Defendant Hillcrest Farm, Defendant Foster,

and Defendant Weng.[1] (Doc. 1.) Defendant Foster was served with the summons and complaint on December 15, 2018. (Doc. 20.) However, Defendant Weng actively avoided service of the summons and complaint until February 1, 2019. (Doc. 43 at 5.) On January 11, 2019, before Defendant Weng was served, this Court entered a preliminary injunction enjoining Defendant Weng Farms from dissipating any PACA trust assets. (Doc. 24.)

As of the date of this order, Defendant Foster has not filed a responsive pleading. As a result, on January 18, 2019, the Clerk entered default against Defendant Foster. (Doc. 26.) On February 27, 2019, the Clerk also entered default against Defendant Weng because she failed to file a responsive pleading. (Doc. 32.) Subsequently, on March 13, 2019, Defendant Weng filed her Motion to Set Aside Default (Doc. 33). This Court denied Defendant Weng's Motion to Set Aside Default, finding that "Defendant Weng acted willfully by failing to file any responsive pleading" and "failed to present any meritorious argument to warrant a finding that there is good cause to set aside default . . . ." (Doc. 43.) After the

---

[1] Defendants Weng Farms, Inc. and Hillcrest Farms have not filed responsive pleadings to Plaintiffs' Complaint, but in their motion (Doc. 44) Plaintiffs only request default judgment be granted against Defendants Weng and Foster in their individual capacities. Moreover, Plaintiffs claim that Defendants both control Weng Farms and Defendant Foster controls Hillcrest Farms (Doc. 44). Therefore, the Court will only consider judgment as to Defendants Weng and Foster in their individual capacities.

denial of Defendant Weng's Motion to Set Aside Default (Doc. 33), Plaintiffs filed this Motion for Default Judgment against Defendant Weng and Defendant Foster in their individual capacities.

**ANALYSIS**

I. <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." <u>Tyco Fire & Sec., LLC v. Alcocer</u>, 218 F. App'x 860, 863 (11th Cir. 2007); <u>see also</u> <u>Adolph Coors Co. v. Movement Against Racism and the Klan</u>, 777 F.2d 1538, 1543 (11th Cir.1985) (finding that court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation," or where "the record adequately

reflects the basis for the award via a . . . demonstration by detailed affidavits establishing the necessary facts.").

II. DISCUSSION

In their motion, Plaintiffs request that this Court enter default judgment against Defendants Weng and Foster, jointly and severally, for breach of their fiduciary duties to Plaintiffs as PACA trust beneficiaries. (Doc. 1.) Plaintiffs seek damages for the unpaid invoice balances, contractual interest, contractual attorneys' fees and costs, daily pre-judgment interest, and statutory post-judgment interest. (Doc. 44 at 1-2.) Specifically, Plaintiff Baker alleges that Defendants Weng and Foster owe it (1) unpaid principal amount of $84,897.75, (2) taxable costs in the sum of $563.89, (3) contractual pre-judgment interest in the sum of $23,359.45, (4) contractual attorneys' fees in the amount of $13,359.45, (5) post-judgment interest at the rate set forth by 28 U.S.C. § 1961, and (6) additional daily interest accruing at $41.87 per day after the filing of this motion for default judgment. (Doc. 44 at 2.) Palmer & sons similarly alleges that Defendants Weng and Foster owe it (1) unpaid principal amount of $217,180.50, (2) taxable costs in the sum of $1,442.52, (3) contractual pre-judgment interest in the sum of $55,273.48, (4) contractual attorneys' fees in the amount of $33,492.85, (5) post-judgment interest at the rate set forth by 28 U.S.C. § 1961, and (6) additional daily

7

interest accruing at $107.10 per day after the filing of this motion for default judgment. (Doc. 44 at 3.)

As previously established, the Clerk entered default against Defendant Foster on January 18, 2019 (Doc. 26) and against Defendant Weng on February 27, 2019 (Doc. 32). This Court also denied Defendant Weng's Motion to Set Aside Default. (Doc. 43.) Accordingly, this Court must now consider whether there is a sufficient basis in Plaintiffs' pleadings to warrant an entry of default judgment against Defendants Foster and Weng in their individual capacities for the relief sought.

After careful review of Plaintiffs' pleadings and motion, the Court finds that Plaintiffs have provided a sufficient basis for a grant of default judgment against Defendants Weng and Foster for breach of their fiduciary duties as the trustees of Weng Farms' PACA trust. Moreover, Plaintiffs have provided a sufficient basis for the relief sought in the amount of unpaid principal balances, contractual interest, contractual attorneys' fees, and post-judgment interest at the rate established in 28 U.S.C. § 1961. However, the Court finds that Plaintiffs are not entitled to pre-judgment interest at the daily rates requested. Each finding of the Court is discussed below.

A. <u>Breach of Fiduciary Duties</u>

Count IV of Plaintiffs' complaint asserts that Defendants Weng and Foster breached the fiduciary duties owed to Plaintiffs

as PACA trust beneficiaries.² (Doc. 1.) Plaintiffs must first establish that they are valid PACA trust beneficiaries. See Frio Inc. S.A., 918 F.2d at 156. To be valid PACA trust beneficiaries, produce sellers must include the statutorily required language from 7 U.S.C. § 499e(c)(4) on agreements or invoices sent to produce dealers. Mevi Avocados, Inc. v. Maya Foods, LLC, No. 1:16-cv-3984, 2017 WL 908471, at *1 (N.D. Ga. Mar. 3, 2017).

In this case, Plaintiffs sold produce to Defendant Weng Farms and all three parties held valid PACA licenses. (Doc. 1.) Additionally, Plaintiffs provided the required statutory language on their invoices, reserving their rights to PACA trust assets and any attorneys' fees, costs, and interest accrued in collecting unpaid balances from produce sales. (Doc. 44, Attach. 1 at 8-20; Attach. 2 at 7-31.) Therefore, Defendant Weng Farms was required to hold produce-related assets in a PACA trust for payment to Plaintiffs as trust beneficiaries.

Although Defendant Weng Farms was required to maintain this PACA trust, Plaintiffs compliant does not assert a breach of fiduciary duty claim against Defendant Weng Farms. Instead,

---

² In Counts VII and VIII of the Complaint, Plaintiffs also assert that Defendants Weng and Foster unlawfully retained PACA trust assets. (Doc. 1 at 9-10.) However, this claim merely states that Defendants Weng and Foster breached their duties to maintain the assets of the PACA trust and, thus, the Court will consider the claims together with the claim of breach of fiduciary duty.

Plaintiffs argue that Defendants Weng and Foster "are personally liable for Weng Farms' failure to maintain sufficient PACA trust assets to satisfy Plaintiffs' PACA trust claims." (Doc. 44 at 4.) Plaintiffs argue that Defendants Weng and Foster had fiduciary duties "to control Weng Farms' PACA trust assets" because "[i]n their respective capacities and positions, Ms. Weng and Mr. Foster either controlled or were in a position to control Weng Farms' operations and financial dealings, including those involving the PACA trust assets." (Doc. 44 at 5.)

Individual defendants are subject to personal liability under the PACA when they "are in a position to control PACA trust assets," such as officers, directors, and shareholders, "and fail to maintain the assets." Red's Mkt. v. Cape Canaveral Cruise Line, Inc., 181 F. Supp. 2d 1339, 1344-45 (M.D. Fla. 2002), aff'd sub nom Red's Mkt. v. Cape Canaveral Cruise Line, Inc., 48 F. App'x 328 (11th Cir. 2007); see also Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997) (noting that those "who are in a position to control PACA trust assets, and who breach their duty to preserve those assets, may be held personally liable under the act."). Corporate officers, directors, or shareholders have a fiduciary duty "to maintain the PACA trust assets in such a manner as to ensure that sufficient PACA trust assets remain[], at all times, to satisfy all outstanding PACA trust obligations . . . ." MC Produce, Inc. v. J&J Supermarkets, Inc., No. 4:08-CV-0073, 2009

10

WL 10664955, at *4 (N.D. Ga. July 23, 2009) (granting motion for default judgment against two officers of a produce dealer and finding them jointly and severally liable to PACA trust beneficiaries for unpaid invoices, interest, and attorneys' fees).

In their complaint, Plaintiffs assert that Defendant Weng and Defendant Foster are trustees of Defendant Weng Farms' PACA trust because they "were officers, directors, investors, shareholders, principals, or employees of Weng Farms." (Doc. 1 at 8.) As a result of the Defendants' positions, Plaintiffs contend that Defendants Weng and Foster owed trust beneficiaries fiduciary duties to maintain Defendant Weng Farms' trust assets to satisfy outstanding balances. (Doc. 1; Doc. 44.) Because Defendant Weng Farms' PACA trust had an insufficient amount to pay Plaintiffs they assert that Defendants Weng and Foster should be jointly and severally liable to for unpaid invoices. (Doc. 44 at 4.)

First, Plaintiffs assert that Defendant Weng is personally liable for the unpaid principal amount because she was "in position[] to control Weng Farms' PACA [t]rust [a]ssets." (Doc. 1 at 8.) Specifically, Plaintiffs provided numerous documents to show that Defendant Weng held herself out to be in a position to maintain Defendant Weng Farms' PACA trust assets, including: (1) a PACA license listing Defendant Weng as a "principal" (Doc. 44, Attach. 3 at 87); (2) bank records listing Defendant Weng as Chief Executive Officer ("CEO") (Doc. 44, Attach 3 at 89); (3) TD

Ameritrade Records listing Defendant Weng as CEO, president, and sole officer (Doc. 44, Attach. 3 at 91); (4) checks to PNC Bank and TD Ameritrade signed by Defendant Weng (Doc. 44, Attach. 3 at 98-99); and (5) a bankruptcy petition listing Defendant Weng as CEO (Doc. 44, Attach. 3 at 118). Additionally, Defendant Weng admitted in her Motion to Set Aside Default that she was the owner of Defendant Weng Farms and that she invested $225,000 in Weng Farms. (Doc. 33, Attach. 2.) The Court has reviewed these documents and finds that Plaintiff has provided sufficient evidence to support its claim that Defendant Weng had a fiduciary duty to maintain Defendant Weng Farms' PACA trust assets. Therefore, because Defendant Weng Farms' trust assets are insufficient to pay Plaintiffs as trust beneficiaries, Defendant Weng breached her fiduciary duty as a PACA trustee.

Second, Plaintiffs similarly assert that Defendant Foster is personally liable for the unpaid principal amount because he was "in position[] to control Weng Farms' PACA [t]rust [a]ssets." (Doc. 1 at 8.) Specifically, Plaintiffs assert that Defendant Foster was in a position to control Defendant Weng Farms' PACA trust assets because he invested significant money into Defendant Weng Farms, spoke with Plaintiffs about outstanding invoices, represented to Plaintiffs that he personally had the money to pay Plaintiffs, represented that he was an agent and board member of Defendant Weng Farms, and "[d]iverted produce purchased from Weng Farms to

12

his other company, Hillcrest Farms" and sold the produce to another company but "failed to remit payment" to Plaintiff Palmer & Sons. (Doc. 44 at 5.) Moreover, Plaintiffs presented evidence that Defendant Foster even told authorities that he was an agent and "active board member for Weng Farms." (Doc. 44, Attach. 3 at 111.) The Court finds that this evidence is sufficient to support Plaintiffs' claim that Defendant Foster had a fiduciary duty to control Defendant Weng Farms' PACA trust assets.

Plaintiffs allegations regarding Defendants' control of Weng Farms' PACA trust assets are deemed admitted due to Defendants' default. Therefore, because Weng Farms' PACA trust assets are insufficient to pay Plaintiffs' outstanding balances the Court finds that default judgment should be entered against Defendants Weng and Foster in their individual capacities for breach of fiduciary duty. As a result, Defendants Weng and Foster are jointly and severally liable for the principal amount of $302,078.25 owed on the unpaid invoices from Plaintiffs Baker and Palmer & Sons.

B. Attorneys' Fees, Costs, and Interest

Turning to Plaintiffs' requests for attorneys' fees, costs, and interest, the PACA requires that a dealer receiving produce hold the produce in trust "for the benefit of all unpaid suppliers or sellers of such commodities . . . until the full payment of the sums owing in connection with such transaction has been received." 7 U.S.C. § 499e(c)(2). According to the Eleventh Circuit Court of

Appeals, "sums owing in connection with such transaction" includes a contractual claim for attorneys' fees, costs, and accrued interest. Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004); see also Mevi Avocados, Inc., No. 1:16-cv-3984, 2017 WL 908471, at *3. A contractual claim for attorneys' fees, costs, and interest can arise from invoices that reserve a party's right to attorneys' fees and interest. See Id. at *3 (awarding PACA trust beneficiary $38,528.38 in accrued interest and $7,719.25 in attorneys' fees because the beneficiary included the required statutory language on invoices to defendants). Plaintiffs' claims for attorneys' fees and costs, interest on the principal amounts, post-judgment interest, and daily pre-judgment interest will be addressed in turn.

First, Plaintiffs request contractual attorneys' fees and costs associated with collecting the unpaid balances from the sale of produce to Defendant Weng Farms. (Doc. 1 at 9; Doc. 44 at 1-2.) The invoices that Plaintiffs sent to Defendants preserved the right to attorneys' fees incurred in collecting any unpaid balances. (Doc. 44, Attach. 1 at 8-20; Attach. 2 at 8-31.) Therefore, Plaintiffs have a right to attorneys' fees and costs, but the requested fees and costs must be reasonable.

The Court determines whether requested fees are reasonable by using the lodestar approach, which values a lawyer's service based on the number of hours expended multiplied by a reasonable hourly

rate. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). In this case, Plaintiffs are both represented by Meurs Law Firm, P.L. and Oliver Maner, LLP. (Doc. 44, Attach. 3.) In connection with their request for attorneys' fees, Plaintiffs submitted detailed records regarding their attorneys' rates, hours billed, and associated litigation costs. (Doc. 44, Attach 3.) These records indicate that attorney Steven M. De Falco billed 81.1 hours at a rate of $315.00 per hour, attorney Steven E. Nurenberg billed 12 hours at a rate of $335.00 per hour, attorney Patricia T. Paul billed 24.4 hours at a rate of $250.00 per hour, and paralegal Luanne Rogers billed 64.9 hours at a rate of $195.00 per hour. (Doc. 44, Attach 3 at 4.) The Court finds these rates are reasonable for the Savannah market for legal services. Using these rates, Plaintiffs request $13,092.65 in attorneys' fees for the hours billed on Plaintiff Baker's unpaid balances and $33,492.85 for the hours billed on Plaintiff Palmer & Sons' unpaid balances. Plaintiffs additionally request $2,006.41 in litigation costs. This amount is reasonable according to the records of costs supplied to the Court. The Court finds Plaintiffs' requests for attorneys' fees and costs are reasonable and **GRANTS** Plaintiffs Motion for Default Judgment in regards to their request for attorneys' fees and litigation costs.

Next, Plaintiffs request contractual interest accrued on the unpaid balances from the sale of produce to Defendant Weng Farms.

(Doc. 44 at 1-2.) The invoices that Plaintiffs sent to Defendant Weng Farms contained the statutorily required provisions reserving the Plaintiffs' rights to interest accrued on unpaid balances. (Doc. 44, Attach. 1 at 8-20; Attach. 2 at 8-31.) According to Plaintiff Palmer & Sons, the invoices "served as a contract for Weng Farms to pay pre-judgment interest at 18% per year" and "Weng Farms never disputed receiving Palmer & Sons' invoices, [sic] or objected to the additional terms and conditions stated on the invoices." (Doc. 44, Attach 2 at 4.) Plaintiff Baker similarly asserts that its "invoices served as a contract for Weng Farms to pay pre-judgment interest at 18% per year" and that "Weng Farms never disputed receiving Baker's invoices, [sic] or objected to the additional terms and conditions stated on the invoices."[3] (Doc. 44, Attach. 1 at 4.) Due to Defendants' default, these assertions are deemed admitted. Plaintiff Baker contends that Defendants owe it $23,359.45 in contractual interest and Plaintiff Palmer & Sons contends that Defendants owe it $55,273.48 in contractual interest. (Doc. 44, Attach. 3 at 38, 40.) After reviewing the Plaintiffs' records, the requested amounts appear accurate. Accordingly, the Court **GRANTS** Plaintiffs' request for contractual interest. Defendants Weng and Foster are jointly and severally

---

[3] The Court notes that Baker's invoices actually reserve "[i]nterest at 1.5% per month" on any unpaid balances (Doc. 44, Attach. 1 at 8-20), but this amount is equal to 18% per year.

liable to Plaintiffs for interest accrued up to August 19, 2019[4], totaling $78,632.93.

In addition to contractual interest, Plaintiffs Baker and Palmer & Sons also request daily pre-judgment interest accrued after the filing of their Motion for Default Judgment (Doc. 44) on August 19, 2019. Specifically, Plaintiff Baker requests $41.87 per day of additional interest and Plaintiff Palmer & Sons requests $107.10 per day of additional interest. (Doc. 44 at 1-2.) However, Plaintiffs cannot be awarded additional interest based on the number of days it requires the Court to consider their motion. Therefore, the Plaintiffs' requests for additional daily interest on the unpaid invoices are **DENIED**.

Lastly, Plaintiffs request "post-judgment interest at the rate set forth by 28 U.S.C. § 1961 . . . ." (Doc. 44 at 1-2.) Plaintiffs do not make this request in their complaint (Doc. 1), but only in their Motion for Default Judgment (Doc. 44 at 1-2). Statutory post-judgment interest is generally granted in default judgment cases involving PACA claims. See e.g., C Lane Co., LLC v. Groveco Fla., LLC, No. 12-80147-CIV-DIMITROULEAS/SNOW, 2012 WL 12886635, at *1 (S.D. Fla. July 26, 2012); Packman1, Inc. v. Seasons Best Produce Corp., No. 8:18-cv-816-T-23MAP, 2019 WL

---

[4] The accrued contractual interest is calculated until August 19, 2019 because Plaintiffs filed their Motion for Default Judgment on this day.

96429, at *3 (M.D. Fla. Jan. 3, 2019). Accordingly, the Court **GRANTS** Plaintiffs' request for interest at the rate set forth in 28 U.S.C. § 1961.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Motion for Default Judgment (Doc. 44). Accordingly, the Court **DIRECTS** the Clerk to enter a default judgment in favor of Plaintiff Baker and against Defendants Foster and Weng, in their individual capacities, as to Count VI of Plaintiffs' Complaint (Doc. 1), in the principal amount of $84,897.75, plus additional interest of $23,359.45 accrued through August 19, 2019. The Court also **DIRECTS** the Clerk to enter a default judgment in favor of Plaintiff Palmer & Sons and against Defendants Foster and Weng, in their individual capacities, as to Count VI of Plaintiffs' Complaint (Doc. 1), in the principal amount of $217,180.50, plus additional interest of $55,273.48 accrued through August 19, 2019. Additionally, the Court **DIRECTS** the Clerk to enter a default judgment against Defendants Foster and Weng, in their individual capacities, in the total amount of $46,585.00 in contractual attorneys' fees and $2,006.41 in costs due to Plaintiffs. The Court will retain jurisdiction over any supplementary proceedings required to enforce the default judgments. Because Defendants Weng Farms and Hillcrest Farms

remain parties to this case and the various claims against them remain pending, this case should remain open.

SO ORDERED this 24th day of October 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA